UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD KINGSBURY,

    Plaintiff,                                             Civil Action No. 19-CV-13063

vs.                                              HON. BERNARD A. FRIEDMAN

PROGRESSIVE MICHIGAN
INSURANCE COMPANY,
DAVID MARCINEK, and
OMI TRANSPORTATION, INC.,

    Defendants.
_____/

**OPINION AND ORDER DENYING**
**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

This matter is presently before the Court on the motion of defendants David Marcinek ("Marcinek") and OMI Transportation, Inc. ("OMI") for judgment on the pleadings [docket entry 22]. Plaintiff has not responded, and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This cases arises from a traffic accident that occurred on the Southfield Freeway (M-39) in Detroit, Michigan. According to the complaint,

> 9. On September 7, 2018, . . . Marneda Brown was the operator of a 2006 Jeep Grand Cherokee . . . which vehicle was owned by Donald Hinson and was being operated by Marneda Brown southbound on I-39 [sic] near its intersect [sic] with McNichols . . . .
>
> 10. . . . Defendant David Marcinek was the operator of a 2014 Volvo tractor/trailer . . . which vehicle was owned by Defendant Omi Transportation and was being operated by Defendant David Marcinek southbound on I-39 [sic] near its intersect [sic] with McNichols . . . .
>
> 11. . . . Plaintiff Ronald Kingsbury was the operator of a 2001

> Harley Davidson motorcycle . . . which motorcycle was being operated by Plaintiff southbound on I-39 [sic] near its intersect [sic] with McNichols . . . .
>
> 12. . . . [T]he vehicle being operated by Marneda Brown and owned by Donald Hinson was not maintained and/or reasonably repaired prior to being operated on the roadway.
>
> 13. . . . [T]he vehicle being operated by Marneda Brown lost its wheel causing Marneda Brown to lose control and collide with the tractor/trailer being operated by Defendant David Marcinek . . . .
>
> 14. . . . Defendant David Marcinek failed to make proper observations of Plaintiff, suddenly and without warning changed lanes into Plaintiff's lane of travel in an attempt to avoid the vehicle being operated by Marneda Brown and Defendant David Marcinek collided with another vehicle on the roadway blocking the lanes of travel, including Plaintiff's lane of travel, and impeding the normal flow of traffic causing serious and permanent injuries to Plaintiff . . . .

Compl. ¶¶ 9-14. Plaintiff alleges that Marcinek was negligent by failing to operate his vehicle in a reasonable and prudent manner and at a speed that would permit him to stop within an assured safe distance; driving carelessly and heedlessly; failing to keep his vehicle under control and to drive with due diligence and circumspection; failing to stop with an assured clear distance and to keep a careful and prudent lookout; failing to ascertain whether he could change lanes safely; impeding the normal flow of traffic; creating unreasonable danger to others; and failing to obey all traffic laws. *Id.* ¶ 19. Plaintiff further claims that defendant OMI is liable as Marcinek's employer and as the owner of the truck. For relief, he seeks damages, costs, interest, and attorney fees.

Marcinek and OMI seek judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). As the Sixth Circuit has noted, in deciding such a motion

> "all well-pleaded material allegations of the pleadings of the

>opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment" as a matter of law. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581-82 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478 (6th Cir. 1973)). To survive a Rule 12(c) motion, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))).

*Hindel v. Husted*, 875 F.3d 344, 346-47 (6th Cir. 2017).

Defendants argue that they are entitled to judgment on the pleadings because the complaint acknowledges that when Marcinek drove into plaintiff's lane he did so in reaction to a third party's negligence. As quoted above, the complaint alleges that Brown lost control of her vehicle,[1] which was not properly repaired or maintained, when it lost a wheel and collided with Marcinek's truck, and that this caused Marcinek to "suddenly and without warning change[] lanes into Plaintiff's lane of travel in an attempt to avoid the vehicle being operated by . . . Brown." Compl. ¶ 14. Marcinek then "collided with another vehicle on the roadway blocking the lanes of travel, including Plaintiff's lane of travel, and impeding the normal flow of traffic causing serious and permanent injuries to Plaintiff." *Id.*

Defendants cite case authority for the proposition that under Michigan law "there

---

[1] Defendants note that plaintiff has filed two related lawsuits in Wayne County Circuit Court, one against Brown and Hinson, and another against his PIP carrier. *See* Defs.' Mot. ¶ 1.

is no liability when an accident is the result of a sudden emergency not of the defendant's own making." Defs.' Mot. ¶ 8. Defendants cite *Vander Laan v. Miedema*, 188 N.W.2d 564 (Mich. 1971); *Vsetula v Whitmyer*, 468 N.W.2d 53 (Mich. Ct. App. 1991); *Adkins v. Pierson*, 374 F.2d 860, 861-862 (6th Cir. 1967); and *Evans v. United States*, No. 12-12794, 2013 WL 6196608 (E.D. Mich. Nov. 27, 2013).

In *Vander Laan v. Miedema*, defendant rear-ended plaintiff. The trial court instructed the jury as to defendant's duty to maintain an assured clear distance and as to the statutory presumption that the driver who rear-ends another vehicle is deemed to be prima facie negligent. The trial court also instructed the jury that "if you find that the defendant was confronted with a sudden emergency, not of his own making, and if you find that he used ordinary care and was still unable to avoid the violation because of such emergency, then, of course, his violation is excused." 188 N.W.2d at 566. The Michigan Supreme Court determined that the trial court erred in giving this "sudden emergency" instruction because

> [t]o come within the purview of this rule the circumstances attending the accident must present a situation that is 'unusual or unsuspected.'
>
> The term 'unusual' is employed here in the sense that the factual background of the case varies from the everyday traffic routine confronting the motorist. Such an event is typically associated with a phenomenon of nature. A classical example of the 'unusual' predicament envisioned by the emergency doctrine is provided by *Patzer v. Bowerman-Halifax Funeral Home, [s]upra*, wherein the accident occurred amid an Upper Peninsula blizzard.
>
> 'Unsuspected' on the other hand connotes a potential peril within the everyday movement of traffic. To come within the narrow confines of the emergency doctrine as 'unsuspected' it is essential that the potential peril had not been in clearview for any significant length of time, and was totally unexpected.

4

*Id.* at 567 (citation omitted). Because the cause of the accident (i.e., the defendant driver looking into his rear-view mirror instead of watching the road) was neither unusual nor unsuspected, the trial court erred in giving the sudden emergency instruction. *Id.* at 568.

In *McKinney v. Anderson*, 129 N.W.2d 851, 853 (Mich. 1964), the Michigan Supreme Court stated:

> While it is true that a violation of the rear-end-collision statute gives rise to a prima facie case of negligence and a violation of the assured-clear-distance-ahead statute constitutes negligence per se, such presumption is overcome and such negligence is found not to exist when the collision is proven to have occurred in the midst of a sudden emergency not of defendants' making.

In that case, the court determined that the trial court had properly instructed the jury "that if they found that defendant driver was faced with a sudden emergency they could find him free of negligence" because

> plaintiffs' car was stopped, without a signal from plaintiff driver, despite the fact that defendants' headlights were visible to plaintiff by rear view observation; that a ravine on the right and a car on the left prevented defendant driver from turning to either side; that defendant driver was driving within the posted speed limit and had shortly before crested a hill. A jury could reasonably have found these facts to constitute a situation of sudden emergency not brought about by defendant driver.

*Id.*

In *Vsetula v. Whitmyer*, defendant's vehicle slid on ice as she attempted to enter the roadway from her driveway. Her vehicle slid into the roadway and was hit by plaintiff's vehicle. The trial court denied defendant's request to instruct the jury on the sudden emergency doctrine, and the jury found defendant liable and awarded damages. In reversing, the Michigan Court of Appeals determinated that the requested instruction should have been given. The court

stated:

> The sudden-emergency doctrine is a judicially created principle which was defined by our Supreme Court in *Socony Vacuum Oil Co. v. Marvin*, 313 Mich. 528, 546, 21 N.W.2d 841 (1946):
>
>> One who suddenly finds himself in a place of danger, and is required to act without time to consider the best means that may be adopted to avoid the impending danger is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence. [Quoting Huddy on Automobiles (8th ed.), p. 359.]
>
> *See also Vander Laan v. Miedema*, 385 Mich. 226, 231-232, 188 N.W.2d 564 (1971).
>
> In *Amick v. Baller*, 102 Mich.App. 339, 341-342, 301 N.W.2d 530 (1980), this Court stated:
>
>> [T]he factual pattern is "unusual" if the facts present in the case vary from the everyday traffic routine confronting a motorist. Thus, a blizzard or other extreme weather condition may cause such an unusual driving environment that the normal expectations of due and ordinary care are modified by the attenuating factual conditions. "Unsuspected" facts are those which may appear in the everyday movement of traffic, but which take place so suddenly that the normal expectations of due and ordinary care are again modified by the attenuating factual conditions.
>
> Icy patches on Michigan roads in winter can be unsuspected. *Young v. Flood*, 182 Mich.App. 538, 543, 452 N.W.2d 869 (1990). The sudden-emergency instruction should be given whenever there is evidence which would allow the jury to conclude that an emergency existed within the meaning of the sudden-emergency doctrine. *Id.*, at p. 544, 452 N.W.2d 869.
>
> The trial court in the instant case erred in denying defendants'

6

> request for a jury instruction on the sudden-emergency doctrine. There was sufficient evidence of a sudden emergency to allow the jury to conclude that a sudden emergency existed which would, therefore, excuse defendant's violation of M.C.L. § 257.652; M.S.A. § 9.2352.

*Vsetula,* 468 N.W.2d at 56.[2]

In *Adkins v. Pierson*, also an automobile collision case, the Sixth Circuit reviewed the trial court's jury instruction concerning the sudden emergency doctrine. The court noted that under Michigan law the rule is:

> "One who suddenly finds himself in a place of danger, and is required to act without time to consider the best means that may be adopted to avoid the impending danger is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence."

*Adkins*, 374 F.2d at 862 (quoting *Socony Vacuum Oil Co. v. Marvin*, 21 N.W.2d 841 (Mich. 1946)). The court of appeals reversed and remanded for a new trial because the trial court had failed to instruct the jury that the emergency doctrine does not apply if the party seeking to invoke it was negligent in causing the emergency. *Id.* at 863.

Finally, in *Evans v. United States*, defendant lost control of his vehicle when it hit a patch of black ice on the freeway, causing him to hit plaintiff's vehicle. Defendant argued that he was entitled to summary judgment under the sudden emergency doctrine. This Court

---

[2] The cited statute, Mich. Comp. Laws § 257.652, states that "[t]he driver of a vehicle about to enter or cross a highway from an alley, private road, or driveway shall come to a full stop before entering the highway and shall yield right of way to vehicles approaching on the highway."

noted:

> The sudden emergency doctrine states that "one who suddenly finds himself in a place of danger, and is required to act without time to avoid the impending danger, is not guilty of negligence if he fails to adopt ... a better method, unless the emergency ... is brought about by his own negligence." *Socony Vacuum Oil Co. v. Marvin*, 313 Mich. 528, 535, 21 N.W.2d 841 (Mich. 1946).
>
> The doctrine provides an excuse for violating a statute "in regards to the events that occur after the defendant discovers the emergency." *Freed v. Salas*, 286 Mich.App. 300, 333, 780 N.W.2d 844 (2009). The sudden emergency doctrine is not an excuse for negligence, but rather an excuse for a violation of a statute from which negligence may be inferred. *Id*. at 330-31, 780 N.W.2d 844.
>
> For the sudden emergency defense to apply, the circumstances must either be "unusual or unsuspected." *Vander Laan v. Miedema*, 385 Mich. 226, 232, 188 N.W.2d 564 (Mich. 1971). "Unusual facts," for purposes of the sudden emergency doctrine, are those which vary from the everyday traffic routine confronting a motorist. *Amick v. Baller*, 102 Mich.App. 339, 341, 301 N.W.2d 530 (Mich. 1980). "Unsuspected facts," for purposes of the sudden emergency doctrine, are those which may appear in everyday movement of traffic, but which take place so suddenly that the normal expectations of due and ordinary care are modified by attenuating factual conditions. *Amick*, 102 Mich.App. at 341, 301 N.W.2d 530.

*Evans*, 2013 WL 6196608, at *4. The Court denied defendant's motion because it was unclear whether defendant had "created his own sudden emergency" by failing to operate his vehicle in a reasonably careful manner. *Id.* The Court left it to the trier of fact to determine whether the doctrine applied.

In the present case, it is apparent that the wheel falling from Brown's vehicle was both an unusual and unsuspected circumstance that, according to the complaint, proximately caused the traffic accident in which plaintiff was injured. But just as in *Evans*, it is not clear whether Marcinek was blameless in causing the emergency. Plaintiff alleges, among other

things, that Marcinek was speeding, driving carelessly, and failing to keep a lookout. The cases clearly indicate that defendant may not invoke the sudden emergency doctrine if, through his own negligence, he contributed to bringing about the emergency. This case is still at the pleading stage. After the record has been developed, defendants are free to renew their motion if the facts support the application of the sudden emergency doctrine. Accordingly,

IT IS ORDERED that defendants' motion for judgment on the pleadings is denied.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: May 29, 2020
Detroit, Michigan